NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO GABRIEL ROMERO-ECHEVERRIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72810 <br><br> Agency No. A202-158-921 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Antonio Gabriel Romero-Echeverria, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Romero-Echeverria failed to establish the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Romero-Echeverria's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Romero-Echeverria's remaining contentions regarding his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Romero-Echeverria failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El

19-72810

Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.